UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| MILTON DOWELL, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 17-71-JMH |
| | ) | |
| V. | ) | |
| | ) | |
| FRANCISCO QUINTANA, WARDEN, | ) | **MEMORANDUM OPINION and ORDER** |
| | ) | |
| Respondent. | ) | |

**** **** **** ****

Milton Dowell is a prisoner confined at the Federal Medical Center in Lexington, Kentucky. Proceeding without an attorney, Dowell has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1]. Dowell has named the United States Attorney General as the respondent in this proceeding, but the correct respondent is the warden of the facility where the petitioner is confined, *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004), so the Court earlier substituted Francisco Quintana, Warden of the Federal Medical Center, as the respondent in this proceeding. The matter stands submitted for initial screening pursuant to 28 U.S.C. § 2243.

Dowell was convicted following a jury trial in the United States District Court for the Northern District of Illinois of two counts of attempted possession with intent to distribute cocaine. The district judge sentenced him to 360 months imprisonment as a

1

career offender under then mandatory Federal Sentencing Guidelines. His sentence was affirmed on direct appeal. The record pertaining to his case as maintained by the trial court does not reflect any motion to vacate sentence under 28 U.S.C. § 2255 filed by Dowell.

Dowell claims that the two drug convictions used to enhance his sentence under U.S.S.G. § 4B1.1(a) would no longer qualify as predicate felony drug offenses. Citing *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016), he asks this Court to depart from the statutory mandated requirement that prisoners like Dowell who wish to challenge their sentences must do so in the court which imposed that sentence. 28 U.S.C. § 2255(a). In *Hill*, the Sixth Circuit decided that the savings clause of § 2255 would permit petitioner *Hill* to challenge his sentence via a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *Hill*, 836 F.3d at 599-600. But the Court is not bound by the *Hill* decision as it was contrary to an earlier published panel decision from the same court.[1] *Salmi*

---

[1] A published prior panel decision "remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or this Court sitting en banc overrules the prior decision." R*utherford v. Columbia Gas*, 575 F.3d 616, 619 (6th Cir. 2009) (quoting *Salmi v. Sec'y of Health & Human Servs*.,774 F.2d 685, 689 (6th Cir. 1985))*; see also United States v. Ritchey*, 840 F.3d 310, 316 (6th Cir. 2016) (quoting *Susan B. Anthony List v. Driehaus*, 814 F.3d 466, 471 (6th Cir. 2016)) (explaining that a prior published decision binds a later panel of the United States Court of Appeals for the Sixth Circuit "unless

2

*v. Sec'y of Health and Human Servs.*, 774 F.2d 685, 689 (6th Cir. 1985).

The touchstone of the *Hill* decision was that the Supreme Court in *Deschamps v. United States*, 133 S.Ct. 2276 (2013), announced a rule that is both new and retroactive. *Hill*, 836 F.3d at 595. But the Sixth Circuit earlier had said that *Deschamps* is actually an old rule. *See United States v. Davis*, 751 F.3d 769, 775 (6th Cir. 2014) ("The Supreme Court in *Deschamps* explained that it was not announcing a new rule, but was simply reaffirming an existing approach."). Indeed, in *Deschamps* itself the Supreme Court never wrote that it was creating a new rule, let alone a retroactive one. *See Deschamps*, 133 S.Ct. at 2283 ("Our caselaw explaining the categorical approach and its 'modified' counterpart all but resolves this case.").

Having determined that the savings clause of § 2255(e) is not available to Dowell, the Court must deny his petition for a writ of habeas corpus without prejudice to his right to seek relief in the sentencing court.

This the 24th day of February, 2017.

---

it is overturned by the Supreme Court or overruled en banc, but departure is also warranted if 'an inconsistent [ruling] of the United States Supreme Court requires modification of the decision.'"); 6 Cir. R. 32.1(b) ("Published panel opinions are binding on later panels. A published opinion is overruled only by the court en banc.").



Signed By:

*Joseph M. Hood*

Senior U.S. District Judge