UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| MILTON DOWELL, | ) | |
| | ) | |
| Petitioner, | ) | Case No. |
| | ) | 5:17-cv-71-JMH |
| V. | ) | |
| | ) | |
| FRANCISCO QUINTANA, WARDEN, | ) | **MEMORANDUM OPINION** |
| | ) | **and ORDER** |
| Respondent. | ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Milton Dowell is a prisoner formerly confined at the Federal Medical Center in Lexington, Kentucky.[1] Proceeding without an attorney, Dowell has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1]. Dowell has named the United States Attorney General as the respondent in this proceeding, but the correct respondent is the warden of the facility where the petitioner is confined, *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004), so previously the Court substituted Francisco Quintana, Warden of the Federal Medical Center, as the respondent in this proceeding. The Government has responded [DE 22] and Dowell has replied [DE 28], making this matter ripe for review.

Dowell was convicted following a jury trial in the United States District Court for the Northern District of Illinois of two

---

[1] Dowell is now confined FCI Butner, North Carolina.

1

counts of attempted possession with intent to distribute cocaine. The district judge sentenced him to 360 months of imprisonment as a career offender under then mandatory Federal Sentencing Guidelines. His sentence was affirmed on direct appeal. *United States v. Dowell*, 388 F.3d 254 (7th Cir. 2004). The record pertaining to his case as maintained by the trial court does not reflect any motion to vacate sentence under 28 U.S.C. § 2255 filed by Dowell.

Dowell claims that the two drug convictions used to enhance his sentence under U.S.S.G. § 4B1.1(a) would no longer qualify as predicate felony drug offenses. Citing *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016), he asks this Court to depart from the statutorily mandated requirement that prisoners, like Dowell, who wish to challenge their sentences must do so in the court which imposed that sentence. 28 U.S.C. § 2255(a). In *Hill*, the Sixth Circuit decided that the savings clause of § 2255 would permit petitioner *Hill* to challenge his sentence via a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *Hill*, 836 F.3d at 599-600. However, the undersigned found that *Hill* was wrongly decided and dismissed Dowell's petition. [DE 6].

The Sixth Circuit disagreed [DE 10]. After determining that Dowell's Georgia conviction for which he was sentenced to eight

2

years of imprisonment constituted a controlled substance offense for the purposes of a career-offender enhancement, see U.S.S.G. § 4B1.2(b); Ga Code Ann. §16-13-21 (West), and remanded the case to the undersigned to determine whether Dowell's Illinois conviction could still be considered a predicate felony under 4B1.1 after *Mathis v. United States* 136 S.Ct. 2243 (2016), and *Descamps v. United States*, 133 S.Ct.2276 (3013).

In this case, going just beyond the elements of a general conspiracy by reviewing the available charging document allows the Court to find that the underlying conduct was clearly a controlled substance offense that would qualify as a predicate under U.S.S.G. § 4B1.2. The charges directly relate to a violation of the Illinois Controlled Substances Act and there is no evidence that any crimes other than controlled substance violations were the subject of the case against Dowell.

Dowell contends that the underlying controlled substances statute must be examined in order to determine if that statute criminalizes a broader range of conduct than that outlined in U.S.S.G. §4B1.2. Specifically, he claims that the statute criminalizes "an agreement to merely possess a controlled substance." [DE 1 at 9]. A plain reading of the Illinois refutes Dowell's claim. The Illinois Controlled Substances Act prohibits

3

the "[m]anufacture or delivery, or possession with intent to manufacture or deliver, a controlled substance, a counterfeit substantce, or controlled substance analog." 720 Ill. Comp. Stat. § 570/401. The statute criminalizes possession only if the intent is to manufacture or deliver; a conviction for conspiracy under the Act would require intent to posses and to manufacture or deliver the controlled substance. In *United States v. Smith*, 681 F. App'x 483, 487-88 (6th Cir.), *cert. denied*, 137 S. Ct 2144 (2017), the Sixth Circuit held that the Illinois Controlled Substances Act does not prohibit "delivery" and does not cover conduct broader than that covered by the Guidelines.

This the 16th day of January, 2019.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge